[Civil No. 2683. Filed January 9, 1928.]

[262 Pac. 614.]

LOUISE ELLIS, Appellant, v. ARTHUR ELLIS, Appellee.

Mr. Carl G. Krook, for Appellant.

Mr. Louis L. Wallace, for Appellee.

LOCKWOOD, J.—Arthur Ellis, hereinafter called plaintiff, brought suit for divorce against Louise Ellis, hereinafter called defendant, in the superior court of Mohave county, setting up in his complaint the statutory ground of desertion. Defendant filed an answer consisting of a general denial, and a cross-complaint asking for separate maintenance of herself and child. Plaintiff filed no answer to the cross-

complaint, and default was entered against him thereon. The matter went to trial, and the court rendered judgment in favor of plaintiff for a divorce, granting the custody of the minor child to defendant, and ordering the plaintiff to pay the sum of forty dollars per month for its care and maintenance. After a motion for a new trial was denied, the defendant appealed to this court.

There are some twelve assignments of error, but, upon examining the record and reading the reporter's transcript carefully, we think it necessary to discuss only the last, which is that the judgment is not justified, and is unsupported by the evidence. The allegation of the complaint in regard to the ground on which the divorce was asked is:

"That more than one year last past, to wit, on or about May 8th, 1925, said defendant, disregarding the solemnity of her marriage vows, willfully and without cause deserted and abandoned plaintiff, and ever since has and still continues to so willfully and without cause desert and abandon said plaintiff, and to live separate and apart from him without any sufficient cause or any reason, and against his will and without his consent."

This allegation being met by a general denial, it was for the plaintiff to prove it by a preponderance of the evidence. His testimony, so far as it refers to the alleged desertion, was as follows:

"Q. You might go ahead and state briefly in your own way what arose at that time, and what the occasion was that your wife left you. And, by the way, where did she go when she left you? A. To Oakland, California.

"Q. To Oakland, California. Now, go ahead and state in your own way as briefly as possible the circumstances of the separation. A. We had various talks and troubles about different things, and Mrs. Ellis said that she wanted to go back to Oakland.

I said, 'All right, I will get you a pass, and you can go back.'

"Q. You say the defendant left you in the month of May, 1925? A. Yes, sir.

"Q. She deserted you on that date? A. She said she wanted to go back to Oakland, so I got her a pass and she went back.

"Q. Now, you state positively that it was Mrs. Ellis' voluntary act in leaving you? A. After that she said she wanted to go back to Oakland, so I said, 'All right.'

"Q. Didn't you say to her that she should leave? A. I didn't tell her to leave; no.

"Q. Didn't you tell her to leave? A. I didn't tell her to leave.

"Q. You asked her to go, but you didn't tell her to leave? A. Yes; that is right.

"Q. Did you accompany the defendant to Needles at the time she left? A. I did. I got her a Pullman berth at Needles, back to Oakland."

A few days after the separation plaintiff wrote to defendant two letters containing, among other things, the following statements:

"Remember I wrote to you just before you started to come here telling you not to come as I was through with you.

"As I have told you before, I am through with you for good."

Defendant on her part denied absolutely any desertion, and insisted that she left only because plaintiff ordered her away, and that she had always been willing to return to him.

It is a firmly established principle of divorce law that separation by mutual consent does not constitute desertion; hence it is a universal rule that there is no such desertion as warrants a divorce where either expressly or by implication from the circumstances the complainant consents to the original separation or its continuance, and that consent is not revoked. 19 C. J. 64. It is also the general rule that, before a husband can secure a divorce on the ground of his

wife's desertion, he must attempt to effect a reconciliation. We have laid down the rule of law in Arizona governing divorce on the ground of desertion in the case of *Andrade* v. *Andrade,* 14 Ariz. 379, 128 Pac. 813. Therein we quote approvingly from several cases to the following effect:

" 'Desertion must be a continued absence against the other's sincere desire, and it must be shown that he has not acquiesced in the separation and accepted it as satisfactory. . . . "It has been firmly established by the decisions that if, either expressly or by implication from the circumstances, the complainant consents to the original separation, or to its continuance, and that consent is not revoked, there is no such desertion as warrants a divorce." . . . '

" 'A voluntary separation does not amount to desertion, nor can desertion be inferred from the mere unaided fact that the parties do not live together. To establish a case of desertion, it should appear that the wife left her husband of her own accord, without his consent, and against his will, or that she obstinately refused to return, without just cause, upon his request; and therefore, where the parties are living apart under articles of separation, or where the husband assents either expressly or by implication to the separation, or to the wife's continued absence, he will not be entitled to a divorce until he has revoked that consent by seeking a reconciliation. . . . ' "

Taking this statement of the law as the test, it is obvious that the evidence offered on behalf of plaintiff, not only does not justify the granting to him of a divorce on the ground of defendant's desertion, but it shows affirmatively, taking it in the strongest manner possible in his favor, that he consented fully and freely to her departing from the matrimonial domicile, assisted her in the removal, paying the expenses thereof, and immediately thereafter stated to her that he was "through with her for good."

The evidence was insufficient to sustain the judgment, and it is therefore reversed, and the cause re-

manded to the superior court of Mohave county, with instructions to render judgment in favor of defendant on the complaint, and for such further action upon her cross-complaint as may be proper under the circumstances.

ROSS, C. J., and McALISTER, J., concur.